**IN THE COURT OF APPEALS OF IOWA**

No. 20-0914
Filed August 17, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ALEXANDER SHANTEE THOMAS ROSS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Madison County, Martha L. Mertz, Judge.

Alexander Shantee Thomas Ross appeals his convictions and sentences for two counts of sexual abuse in the second degree. **CONVICTIONS AND SENTENCES VACATED AND CASE REMANDED.**

John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Greer and Ahlers, JJ.

**AHLERS, Judge.**

Alexander Shantee Thomas Ross was convicted of two counts of sexual abuse in the second degree following a jury trial. *See* Iowa Code §§ 709.1, .3(1)(b), (2) (2017) (establishing the elements of sexual abuse in the second degree and making it a class "B" felony). The convictions stem from allegations that he sexually abused his girlfriend's two daughters, both under age twelve at the time. On this direct appeal, Ross contends there was insufficient evidence supporting the guilty verdicts; the district court considered an improper sentencing factor; and the district court erred in giving the jury noncorroboration instructions relating to the alleged victims' testimony.

## I.    Sufficiency of the Evidence

Ross's first contention is that there was insufficient evidence to support the guilty verdicts. In response, the State insists there was sufficient evidence but first challenges error preservation. The State contends Ross failed to preserve this issue he raises on appeal because, in making his motion for judgment of acquittal, he failed to mention the specific grounds of insufficient evidence he now claims. *See, e.g.*, *State v. Brubaker*, 805 N.W.2d 164, 170 (Iowa 2011) ("To preserve error on a claim of insufficient evidence for appellate review in a criminal case, the defendant must make a motion for judgment of acquittal at trial that identifies the specific grounds raised on appeal." (quoting *State v. Truesdell*, 679 N.W.2d 611, 615 (Iowa 2004))).

The State's error-preservation challenge may have been a winning one at the time the parties submitted their briefs in this case. However, since the filing of the briefs, our supreme court clarified—or, in the view of the dissenters, changed—

the landscape on error preservation of sufficiency-of-the-evidence challenges. In *State v. Crawford*, the supreme court held:

> Iowa's appellate courts can review a defendant's challenge to the sufficiency of the evidence raised on direct appeal without regard to whether the defendant filed a motion for judgment of acquittal. A defendant's trial and the imposition of sentence following a guilty verdict are sufficient to preserve error with respect to any challenge to the sufficiency of the evidence raised on direct appeal.

972 N.W.2d 189, 202 (Iowa 2022). Accordingly, we do not need to address whether Ross's motion for judgment of acquittal offered sufficient specificity, as the guilty verdicts following trial preserve his claims for our review. *See id.*

We review sufficiency-of-the-evidence challenges for correction of errors at law. *Id.* In doing so, we are highly deferential to a jury's verdict, and we are bound by that verdict if it is supported by substantial evidence. *Id.* Evidence is substantial if it is sufficient to convince a rational factfinder that the defendant is guilty beyond a reasonable doubt. *Id.* In assessing whether a jury's verdict is supported by substantial evidence, we view the evidence in the light most favorable to the State and grant all legitimate inferences and presumptions that may be fairly and reasonably deduced from the evidence. *Id.*

In claiming the verdict was not supported by sufficient evidence, Ross relies heavily on *State v. Smith*, 508 N.W.2d 101, 102–05 (Iowa Ct. App. 1993). *Smith* involved claims of child sexual abuse that led to the jury finding the defendant guilty. *Id.* On review, our court found the evidence insufficient to support conviction because the children's testimony was "inconsistent, self-contradictory, lacking in experiential detail, and, at times, border[ed] on the absurd." *Smith*, 508 N.W.2d at 103.

Ross's reliance on this case is unpersuasive. To begin, our supreme court has disapproved of *Smith* as follows:

> *Smith* is an outlier case. It has been criticized in the commentary, and it has not been followed in any sexual abuse case in Iowa since. The primary flaw in *Smith* is that it is inconsistent with the standard of appellate review of jury verdicts, which requires that the evidence be viewed in the light most favorable to the verdict and which requires deference to the jury's resolution of disputed factual issues.

*State v. Mathis*, 971 N.W.2d 514, 518 (Iowa 2022). The court went on to find "no fatal contradictions or deficiencies" in the children's testimony, so *Smith* provided no relief to the defendant in *Mathis*. *Id.*

Besides questions of whether *Smith* even remains a viable precedent, we find the case inapplicable. Ross points to the children's reluctance to say words such as "penis" and "vagina" to conclude that their testimony is akin to that in *Smith*. He also contends the children's testimony is contradictory, but he points to no specific examples. We disagree with Ross that these claims make this case similar to *Smith*, and, like the supreme court in *Mathis*, we find this case distinguishable from *Smith*. *See id.* After reviewing the evidence in the light most favorable to the State, there is sufficient evidence to support the jury's verdict. The children testified in detail about the abuse they suffered from Ross. We need not recount it here. The jury found their testimony to be credible, and we will not disturb that finding. The children's testimony alone is substantial evidence to support the guilty verdicts, and Ross's challenge to the sufficiency of the evidence fails.

## II. Improper Sentencing Factor

Ross contends the district court considered an improper sentencing factor when determining his sentence. Due to our resolution of the case based on the

next issue, it becomes unnecessary to address this issue.

### III. Noncorroboration Jury Instructions

For his final challenge, Ross contends the court erred in giving jury instructions sixteen and seventeen. Except for each instruction identifying a separate alleged victim by initials, the instructions were identical and read:

> You should evaluate the testimony of [the alleged victim] the same way you evaluate the testimony of any other witness. The law does not require that the testimony of [the alleged victim] be corroborated in order to prove that she was sexually abused. You may find the Defendant guilty of Sexual Abuse if [the alleged victim's] testimony convinces you of guilt beyond a reasonable doubt.

Ross contends it was error to give these instructions because they are not approved uniform instructions and because they create a different standard for the alleged victims' testimony. The State contends inclusion of the noncorroboration instructions was proper and, even if it wasn't, any error was harmless.

We review challenges to jury instructions for correction of legal error. *Id.* at 519.

> In conducting our review, we review the instructions as a whole to determine their accuracy. A challenged instruction is judged in context with other instructions relating to the criminal charge, not in isolation. An incorrect or improper instruction can be cured if the other instructions properly advise the jury as to the legal principles involved.

*Id.* (internal quotations and citations omitted).

This challenge raises another issue that has been decided by our supreme court since the parties submitted their briefs. In *State v. Kraai* and *State v. Mathis*, our supreme court addressed jury instructions in sexual-abuse cases that referred to the lack of a legal requirement that an alleged victim's testimony be corroborated—so-called noncorroboration instructions. *Id.* at 516; *State v. Kraai*,

969 N.W.2d 487, 490 (Iowa 2022). The noncorroboration instruction in both cases was nearly identical. In *Kraai*, the instruction stated "[t]here is no requirement that the testimony of a complainant of sexual offenses be corroborated." 969 N.W.2d at 490. In *Mathis*, the instruction stated "[t]here is no requirement that the testimony of an alleged victim of sexual offenses be corroborated." 971 N.W.2d at 516.

The supreme court found the instructions in *Kraai* and *Mathis* "materially indistinguishable." *Id.* at 519. It also found them to be correct statements of the law. *Id.* at 521. It rejected the claim that the instructions violated Iowa Code section 709.6, which prohibits an instruction in sexual-abuse cases "cautioning the jury to use a different standard relating to a victim's testimony than that of any other witness to that offense or any other offense." *Id.* at 519. Nevertheless, the court found the instruction in each case to be improper. The court noted "instructions that set apart, highlight, or accentuate the testimony of a particular witness or a particular piece of evidence are improper.'" *Id.* (quoting *Kraai*, 969 N.W.2d at 492). The court found the particular instruction improper for two reasons. First, the "instruction set apart the victim's 'testimony as not requiring corroboration in the absence of a symmetrical instruction regarding the noncorroboration of [the defendant's] testimony.'" *Id.* (alteration in original) (quoting *Kraai*, 969 N.W.2d at 493). Second, the "instruction particularized the victim's 'testimony as not requiring corroboration in the absence of a universal instruction regarding the noncorroboration of all other witness testimony.'" *Id.* (quoting *Kraai*, 969 N.W.2d at 493).

Here, the instructions at issue are slightly different from those in *Kraai* and *Mathis* because they include an introductory sentence informing the jury "[y]ou should evaluate the testimony of [the alleged victim] the same way you evaluate the testimony of any other witness." The inclusion of this statement makes the instruction here materially indistinguishable from the instruction given in *State v. Altmayer*, an unpublished decision by our court finding no error in giving the instruction. No. 18-0314, 2019 WL 476488, at *5 (Iowa Ct. App. Feb. 6, 2019). Inclusion of this introductory statement also gives the instruction an appearance of neutrality.

In *Kraai*, the supreme court seemed to approve giving a neutral instruction "that stated no witness's testimony needs to be corroborated," as such an instruction "would correctly state the law and help dispel any misconceptions regarding uncorroborated witness testimony." *Kraai*, 969 N.W.2d at 495. In doing so, the court cited *Altmayer*, seemingly with approval. *Id.* However, we do not interpret *Kraai*'s reference to *Altmayer* as approval of the entire instruction given in *Altmayer*. We interpret the reference as suggesting approval only of that part of the instruction that is "a nonparticularized instruction applicable to all witness testimony." *See id.* We interpret *Kraai*'s reference to *Altmayer* in this limited fashion because the only part of the *Altmayer* instruction cited with approval was that part informing the jury that it "should evaluate the testimony of [the alleged victim] the same way [it] evaluate[d] the testimony of any other witness." *Id.* (alterations in original).

With this interpretation of *Kraai* in mind, we express no opinion on whether the initial sentence of the instructions given here, standing alone, would have been

appropriate. Regardless of whether the first sentence is sufficiently neutral and nonparticularized, any neutrality formed or preserved by the first sentence is immediately negated by the second sentence—the sentence informing the jury that the law does not require that the testimony of an alleged victim be corroborated in order to prove that she was sexually abused. This sentence is materially indistinguishable from the instruction condemned in *Kraai* and *Mathis*. For the same reasons error was found in giving the condemned instruction in *Kraai* and *Mathis*, it was error to give the instruction here. The fact that the instruction included a neutral first sentence does not remove the taint of the improper second sentence.

Finding the instructions erroneous does not end the inquiry, as the error "does not warrant reversal unless it results in prejudice to" Ross. *Id.* at 496–97 (quoting *State v. Plain*, 898 N.W.2d 801, 817 (Iowa 2017)). In *Kraai*, the faulty instruction was determined to not have resulted in prejudice because there was strong evidence of the defendant's guilt, including substantial corroboration of the victim's testimony. *Id.* at 497. In contrast, in *Mathis*, the faulty instruction was determined to have resulted in prejudice because there was not strong evidence of the defendant's guilt sufficient to overcome the presumption of prejudice. *Mathis*, 971 N.W.2d at 521.

We conclude that this case is more akin to *Mathis* than *Kraai*. While there is sufficient evidence to sustain the conviction, "there is not strong evidence of guilt sufficient to overcome the presumption of prejudice." *Id.* The children here each testified to the abuse they suffered at the hands of Ross. However, they could not testify as to the abuse allegedly suffered by the other. There was also no physical

evidence to corroborate the abuse, and the mother did not corroborate the abuse. While none of these are required to affirm the defendant's convictions, without any such evidence in addition to the alleged victims' testimony, it is insufficient to overcome the presumption of prejudice. *Id.* ("In this case, unlike *Kraai*, neither [child's] testimony is corroborated by other evidence. Both children testified to separate instances of sex abuse, but neither witnessed nor testified about the sex abuse allegedly committed against the other child. Both children eventually told their mother about the sexual abuse, but there is no evidence their mother independently corroborated the children's accounts of abuse. And there is no physical evidence of any sort corroborating the children's testimony."). This requires a different outcome than in *Kraai*. In *Kraai*, there was physical evidence to corroborate the child's testimony, and the child testified to specific details regarding that physical evidence so that the presumption of prejudice was overcome. *Kraai*, 969 N.W.2d at 497. Here, the convictions are based almost entirely on the children's testimony, which has been clouded by the erroneous noncorroboration instructions. The evidence is not strong enough to overcome the presumption of prejudice stemming from giving the faulty instructions. Accordingly, we vacate Ross's convictions and sentences, and we remand for a new trial.

### IV. Conclusion

There was sufficient evidence to affirm Ross's convictions for sexual abuse. Due to giving improper noncorroboration jury instructions, Ross's right to a fair trial was prejudiced. We vacate his convictions and sentences, and we remand for a

new trial.  Because we grant a new trial, it is not necessary for us to reach the merits of his challenges to the sentences imposed.

**CONVICTIONS AND SENTENCES VACATED AND CASE REMANDED.**

Tabor, P.J., concurs; Greer, J., dissents.

**GREER, Judge** (dissenting).

I dissent to bring attention to a question presented here that is not directly answered by our supreme court. While the majority "assumes" they know the answer, I cannot be so sure. If *State v. Altmayer* is good law, then the instruction here is not improper. *See* No. 18-0314, 2019 WL 476488, at *5 (Iowa Ct. App. Feb. 6, 2019). First, the instruction at play was essentially identical to the one found in *Altmayer*. *Id.* In both instances, the instruction read:

> You should evaluate the testimony of [the alleged victim] the same way you evaluate the testimony of any other witness. The law does not require that the testimony of [the alleged victim] be corroborated in order to prove that she was sexually abused. You may find the Defendant guilty of Sexual Abuse if [the alleged victim's] testimony convinces you of guilt beyond a reasonable doubt.

*Id.* The instruction referenced a particular witness, the victim, but also confirmed that the testimony should not be treated differently from the other witnesses.

But as to the assumption of what our supreme court might think about the noncorroboration instruction found here, I return to *State v. Kraai* for guidance; it observed:

> An instruction that stated no witness's testimony needs to be corroborated (with some exceptions not applicable here) would correctly state the law and help dispel any misconceptions regarding uncorroborated witness testimony. *Cf. State v. Altmayer*, No. 18-0314, 2019 WL 476488, at *5 (Iowa Ct. App. Feb. 6, 2019) (approving noncorroboration instruction that provided the jury "should evaluate the testimony of [the alleged victim] the same way [it] evaluate[d] the testimony of any other witness").

969 N.W.2d 487, 495 (Iowa 2022). It left open the possibility that some instruction might "cure" the "improper instructional taint" involved when singling out a specific witness's testimony. *Id.* at 496 ("In the absence of any other instruction regarding the uncorroborated testimony of other witnesses, the instruction unduly

emphasized the complainant witness's testimony."). Because *Altmayer* approved the entire noncorroboration instruction quoted above and *Kraai* does not distinguish that its approval would not extend to the full instruction as given, I cannot make the analysis jump the majority makes. *Compare Altmayer*, 2019 WL 476488, at *5, *with Kraai*, 969 N.W.2d at 495. Thus, because the specific reference made in *Kraai* to the "noncorraboration instruction" found in *Altmayer* purports to offer a stamp of approval, I cannot sign on to the majority opinion. *See Kraai*, 969 N.W.2d at 495. Here, as in *Altmayer,* when the full instruction is read together, the jury is told to evaluate the witnesses the same way, so any call out to a particular witness purportedly would be cured, yet would still address attitudes displayed by jurors in voir dire.

In what is still good law, the legislature determined that "[n]o instruction shall be given in a trial for sexual abuse cautioning the jury to use a different standard relating to a victim's testimony than that of any other witness to that offense or any other offense." Iowa Code § 709.6 (2020). Arguably, the instruction was to level the playing field in sexual abuse cases where, like here, potential jurors voice that some folks require corroboration of the victim's version to convict. Afterall, no one likes to think sexual abuse really happens in our society. We now know that using a noncorrobation instruction, without a symmetrical instruction, could risk giving the victim "special status" and "an extra element of weight." *Kraai*, 969 N.W.2d at 493. But both here and in *Kraai,* potential jurors' statements during voir dire suggested that corroboration of the victim's story would be required by some jurors in order to convict. *See id.* at 495. So, whether the route used in *Altmayer* is a good method or whether a general symmetrical instruction saying "the law does

not require the testimony of witnesses to be corroborated to be believed" is required is unclear to me based on the use of *Altmayer* as an example in *Kraai*. Based on this history, I would affirm the conviction.